George Tilzer, J.
The plaintiff moves for restoration of this action in trespass. The action was commenced in 1933, was placed on the calendar early in 1954, and was thereafter adjourned on numerous occasions until January, 1957, when it was marked off the calendar for failure to file a statement of readiness in accordance with the then newly promulgated rules respecting calendar practice in this court. The action, not having been restored within one year, was dismissed in January, 1958, pursuant to subdivision 2 of rule 302 of the Rules of Civil Practice.
The trial of the instant trespass action no doubt was delayed by the title proceeding between the plaintiff and the third-party defendant, the City of New York, affecting the land in controversy. The 12-year title litigation was not finally determined until May 23, 1957, when the Court of Appeals decided that the plaintiff was the owner of the land in dispute. The fact that the parties were awaiting the determination of the title proceeding and the further fact that the case was not considered closed by them and indeed that settlement negotiations were engaged in, ivarrants vacatur of the dismissal. Nevertheless, delay is attributable to the plaintiff dating at least from that day when the matter was marked off the calendar. Following the award to plaintiff in the condemnation case, more than a year prior to the affirmance by the Court of Appeals, the matter should have been tried. The plaintiff may have believed that negotiations looking to a settlement was the tactic to pursue in the circumstances, particularly since if successful it would be entitled to interest at 6% in any event from 1950. The court in its discretion, however, while granting the motion to restore, does not sanction the practice followed by the plaintiff and conditions restoration so that if plaintiff is ultimately successful, interest shall cease as of the date when the case was marked off, January 3,1957.
The other branch of the plaintiff’s motion seeking examination before trial of both the defendant and the third-party defendant is denied, without prejudice, with leave to either proceed by notice in accordance with rule 121-a of the Rules of Civil Practice or by separate application for an order. The court is unable to pass on the detailed items sought in absence of the pleadings, which have not been furnished. The defendants *492 have not in any way met this phase of the motion, and in all fairness, they should be afforded an opportunity to do so after it has been determined that the cause should be formally revived.
The dismissal of January 3, 1958 is vacated. The cause will be restored to the calendar for a day certain, subject to the condition above stated, on completion of all preliminary proceedings required for the filing of a statement of readiness and on appropriate application therefor at that time. In the event the plaintiff does not proceed with dispatch to dispose of such necessary preliminaries, the defendant or the third-party defendant may move to dismiss for failure to proceed.